UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 12-785-R (SP) | Date | May 21, 2012 |
|---|---|---|---|
| Title | De'Veron J. Ratliff v. Elin Vanlenzuela | | |

| Present: The Honorable | **Sheri Pym, United States Magistrate Judge** | |
|---|---|---|
| Kimberly I. Carter | None Appearing | n/a |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
|---|---|
| None Appearing | None Appearing |

**Proceedings:** (In Chambers) Order to Show Cause Why Petition Should Not Be Dismissed as Being Barred by the One-Year Statute of Limitations or as Being Barred by AEDPA's Limitation on Successive Petitions

On May 15, 2012, petitioner De'Veron J. Ratliff filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in this court. The court has reviewed the petition and, for the reasons discussed below, finds three apparent defects.

First and most easily resolved, petitioner failed to sign his petition. Rule 11 requires: "Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name – or by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a). Since petitioner here is unrepresented, he was required to sign the petition personally. Rule 11 further provides: "The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention." *Id.* If petitioner is able to satisfactorily address the more serious apparent defects as described below, he may cure his failure to sign the petition by filing a signed First Amended Petition, <u>after</u> he responds to this Order to Show Cause as described below.

Second, as discussed below further, it appears that the petition is barred by the one-year statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244(d)(1). Third, it appears petitioner does not have permission to file a successive petition under § 2244(b)(3)(A). In light of these latter two defects, the petition may be subject to dismissal. The court will not make a final determination regarding whether the petition should be dismissed, however, without giving petitioner an opportunity to address both the timeliness of his petition and its successive nature.

Accordingly, the court hereby **ORDERS** petitioner to show cause in writing by

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 12-785-R (SP) | Date | May 21, 2012 |
|---|---|---|---|
| Title | De'Veron J. Ratliff v. Elin Vanlenzuela | | |

**June 18, 2012** why the petition should not be dismissed as being barred by AEDPA's one-year statute of limitations or as being barred by AEDPA's limitation on successive petitions. The court further directs petitioner to review the information that follows, which provides additional explanation as to why the federal petition appears to be subject to dismissal and may assist petitioner in determining how to respond.

## AEDPA's One-Year Statute of Limitations

AEDPA mandates that a "1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1); *see also Lawrence v. Florida*, 549 U.S. 327, 329, 127 S. Ct. 1079, 166 L. Ed. 2d 924 (2007); *Laws v. Lamarque*, 351 F.3d 919, 921 (9th Cir. 2003). After the one-year limitation period expires, the prisoner's "ability to challenge the lawfulness of [his] incarceration is permanently foreclosed." *Lott v. Mueller*, 304 F.3d 918, 922 (9th Cir. 2002).

To assess whether a petition is timely filed under AEDPA, it is essential to determine when AEDPA's limitation period starts and ends. By statute, AEDPA's limitation period begins to run from the latest of four possible events:
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Ordinarily, the starting date of the limitation period is the date on which the judgment becomes final after the conclusion of direct review or the time passed for seeking direct review. *See Wixom v. Washington*, 264 F.3d 894, 897 (9th Cir. 2001).

AEDPA may also allow for statutory tolling or equitable tolling. *Jorss v. Gomez*, 311 F.3d 1189, 1192 (9th Cir. 2002). But "a court must first determine whether a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 12-785-R (SP) | Date | May 21, 2012 |
|---|---|---|---|
| Title | De'Veron J. Ratliff v. Elin Vanlenzuela | | |

petition was untimely under the statute itself before it considers whether equitable [or statutory] tolling should be applied." *Id.*

Here, by petitioner's account, the California Court of Appeal affirmed his conviction on August 24, 2004. Pet. at 3. Petitioner filed a petition for review in the California Supreme Court, which was denied on November 10, 2004. *Id.* Under 28 U.S.C. § 2244(d)(1)(A), petitioner's conviction became final on February 8, 2005 – ninety days after the California Supreme Court denied review – when the time to file a petition for a writ of certiorari with the United States Supreme Court expired. *See Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999) (period of direct review in 28 U.S.C. § 2244(d)(1)(A) includes ninety-day period within which petitioner can file petition for writ of certiorari in United States Supreme Court, whether or not petitioner actually files such petition).

Accordingly, the statute of limitations commenced to run on February 8, 2005 and, absent tolling, expired on February 8, 2006. From the record before this court, it does not appear that petitioner is entitled to a later start date of the limitation period under §§ 2244(d)(1)(B)-(D). Petitioner did not constructively file the instant petition until May 9, 2012, over six years after the statute of limitations expired. Thus, absent sufficient tolling, the petition is untimely.

First, it appears that petitioner is entitled to some statutory tolling of the limitation period pursuant to 28 U.S.C. § 2244(d)(2), but not enough to render the instant petition timely. Statutory tolling is available under AEDPA during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *accord Evans v. Chavis*, 546 U.S. 189, 192, 126 S. Ct. 846, 163 L. Ed. 2d 684 (2006); *Patterson v. Stewart*, 251 F.3d 1243, 1247 (9th Cir. 2001). But "in order to qualify for statutory tolling during the time the petitioner is pursuing collateral review in the state courts, the prisoner's state habeas petition must be constructively filed *before*, not after, the expiration of AEDPA's one-year limitations period." *Johnson v. Lewis*, 310 F. Supp. 2d 1121, 1125 (C.D. Cal. 2004); *see also Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001) (the petitioner was not entitled to statutory tolling for state habeas petition filed "well after the AEDPA statute of limitations ended"). Further, statutory tolling is not available for the time when a federal habeas petition is pending. *Duncan v. Walker*, 563 U.S. 167, 181-82, 121 S. Ct. 2120, 150 L. Ed. 2d 251 (2001).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 12-785-R (SP) | Date | May 21, 2012 |
|---|---|---|---|
| Title | De'Veron J. Ratliff v. Elin Vanlenzuela | | |

In this case, petitioner states that he filed habeas petitions before the Riverside County Superior Court (filed July 6, 2005[1]; denied July 13, 2006), the California Court of Appeal (denied August 12, 2005), and the California Supreme Court (denied June 28, 2006). *See* Pet. at 4-5. Petitioner filed a second set of habeas petitions while his habeas petition was pending in the California Supreme Court, beginning on April 3, 2006 in the Riverside County Superior Court and ending February 7, 2007, when the California Supreme Court denied the second petition. *See Deveron J. Ratliff v. Tony Hedge Peth*, No. ED CV 07-627-RSWL (RC) docket no. 31 at 4-5. Assuming, as this court previously found in case number ED CV 07-627, that petitioner is entitled tolling for the entire period between June 27, 2005, when petitioner first filed a state habeas petition, and February 7, 2007, when the California Supreme Court denied petitioner's second habeas petition in that court, petitioner still does not accrue sufficient statutory tolling to render the instant petition timely. With such tolling, the limitation period would have expired on September 21, 2007.

Second, on the record now before this court, it does not appear as though petitioner is entitled to equitable tolling. The United States Supreme Court has decided that "§ 2244(d) is subject to equitable tolling in appropriate cases." *Holland v. Florida*, __ U.S. __ , 130 S. Ct. 2549, 2560, 177 L. Ed. 2d 130 (2010). Tolling is appropriate when "extraordinary circumstances" beyond a petitioner's control make it impossible to file a petition on time. *Id.* at 2562; *see Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) ("the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule" (citation omitted and brackets in original)). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999).

A petitioner seeking equitable tolling must establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005). Petitioner must also establish a "causal connection" between the extraordinary circumstance and his failure to file a timely petition. *See Bryant v. Arizona Att'y Gen.*, 499 F.3d 1056, 1060 (9th Cir. 2007). Here, at least in his petition, petitioner cites no extraordinary circumstance beyond his control that made it impossible

---

[1] This court, in case number ED CV 07-627-RSWL (RC), found that the application of the "prison mailbox rule" rendered the Riverside Superior Court petition constructively filed June 27, 2005. *See* docket No. 31 at 3, n. 3.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 12-785-R (SP) | Date | May 21, 2012 |
|---|---|---|---|
| Title | De'Veron J. Ratliff v. Elin Vanlenzuela | | |

to file a timely petition. *See generally* Pet. at 1-25.

In sum, the petition, constructively filed May 9, 2012, appears untimely on the record now before this court, and therefore subject to dismissal with prejudice as untimely. In responding to the instant **Order to Show Cause**, if petitioner believes he has a basis for a later start date of the limitation period, or for tolling – statutory, equitable, or both – then he should state it, with any supporting documents, in his response to the **Order to Show Cause** by **June 18, 2012**.

### AEDPA's Bar on Successive Petitions

Before a habeas petitioner may file a second or successive petition in a district court, he must apply to the appropriate court of appeals for an order authorizing the district court to consider the application. *Burton v. Stewart*, 549 U.S. 147, 152-53, 127 S. Ct. 793, 166 L. Ed. 2d 628 (2007) (citing 28 U.S.C. § 2244(b)(3)(A)). This provision "creates a 'gatekeeping' mechanism for the consideration of second or successive applications in district court." *Felker v. Turpin*, 518 U.S. 651, 657, 116 S. Ct. 2333, 135 L. Ed. 2d 827 (1996); *see also Reyes v. Vaughn*, 276 F. Supp. 2d 1027, 1028-30 (C.D. Cal. 2003) (discussing applicable procedures in Ninth Circuit). A district court lacks jurisdiction to consider the merits of a second or successive habeas petition in the absence of proper authorization from a court of appeals. *Cooper v. Calderon*, 274 F.3d 1270, 1274 (9th Cir. 2001) (per curiam) (citing *United States v. Allen*, 157 F.3d 661, 664 (9th Cir. 1998)). The provision applies where there has been a decision on the merits, as opposed to a decision on technical or procedural grounds. *Slack v. McDaniel*, 529 U.S. 473, 485-487, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000); *Henderson v. Lampert*, 396 F.3d 1049, 1053 (9th Cir. 2005) (dismissal on procedural default grounds constitutes disposition on the merits rendering subsequent petition "second or successive").

A claim in a second or successive habeas petition that was not previously presented may be considered if the petitioner shows that the factual predicate for the claim could not have been discovered previously through the exercise of reasonable diligence. 28 U.S.C. § 2244(b)(2)(B)(I). However, a petitioner is still required to seek authorization from the court of appeals in order to have the district court consider the petition. 28 U.S.C. § 2244(b)(3)(A), *see also Reyes v. Vaughn*, 276 F. Supp. 2d 1027, 1030 (C.D. Cal. 2003) ("[T]o the extent that petitioner would like to try to show that he falls within one of the exceptions to dismissal of successive habeas petitions, 28 U.S.C. § 2244(b)(2)(B), he must first present any such claim to the Court of Appeals rather than to this Court.")

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 12-785-R (SP) | Date | May 21, 2012 |
|---|---|---|---|
| Title | De'Veron J. Ratliff v. Elin Vanlenzuela | | |

    Here, petitioner filed a habeas corpus petition in this court on May 24, 2007, in case number ED CV 07-627-RSWL (RC), challenging the same 2002 conviction in the Riverside County Superior Court. On May 4, 2010, this court denied the petition and dismissed the action with prejudice. The instant petition is therefore successive, and was apparently filed without leave of the Ninth Circuit. Until the Ninth Circuit authorizes the filing of a new habeas corpus petition, this court lacks jurisdiction to consider the merits. *See Burton*, 549 U.S. at 157.

    In responding to the instant **Order to Show Cause**, if petitioner in fact has received such authorization from the Ninth Circuit, or if petitioner otherwise believes he has a basis for contending that this court maintains jurisdiction over his successive petition, then he should state his reasons, with any supporting documents, in his response to the **Order to Show Cause** by **June 18, 2012**.

    **The court warns petitioner that failure to timely file and serve a response as directed in this order will result in a recommendation that this action be dismissed with prejudice as untimely, for lack of jurisdiction, or both.**