UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DE'VERON J. RATLIFF,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>ELIN VANLENZUELA,<br><br>　　　　　Respondent. | Case No. ED CV 12-785-R (SP)<br><br>MEMORANDUM AND ORDER RE: SUMMARY DISMISSAL OF HABEAS CORPUS PETITION (28 U.S.C. § 2254) |

## I.
## **INTRODUCTION**

On May 15, 2012, petitioner De'veron J. Ratliff filed a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("Petition"). In the Petition, petitioner asserts that his sentencing enhancement under California's "three-strikes" rule was erroneous because one of his prior felonies was not a serious felony.

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United

1

States District Courts, the Court has examined the instant Petition and finds that it plainly appears from its face that petitioner is not entitled to relief in the district court. Specifically, the Court finds that the Petition is subject to dismissal as a successive petition and as time-barred.

## II.

## **PROCEDURAL HISTORY**

On February 2, 2002, petitioner was convicted after a jury trial of assault with a deadly weapon, in violation of California Penal Code Section 245(a)(1) in Riverside County Superior Court, case number RIF091977. Pet. at 2. Petitioner was sentenced to 25 years to life. *Id.*

Petitioner appealed his conviction to the California Court of Appeal, and that court denied petitioner's appeal on August 24, 2004. Pet. at 3; Official Records of California Courts.[1] He then filed a petition for review in the California Supreme Court, which was denied on November 10, 2004. *Id.*

On July 6, 2005, petitioner filed a habeas petition in Riverside Superior Court, case number RIC433015, asserting: ineffective assistance of trial counsel, ineffective assistance of appellate counsel, insufficient evidence, prosecutorial misconduct, and judicial misconduct. Pet. at 4. That habeas petition was denied on July 13, 2005. *Id.* Petitioner subsequently sought habeas relief in the California Court of Appeal on July 27, 2005, asserting the same grounds he had asserted in the trial court. *Id.* The Court of Appeal denied the petition on August 12, 2005. Petitioner then filed a habeas petition in the California Supreme Court, which that

---

[1] The Court takes judicial notice of the state appellate court records for petitioner's case, which are available on the Internet at http://appellatecases.courtinfo.ca.gov. *See Smith v. Duncan*, 297 F.3d 809, 815 (9th Cir. 2002) (federal courts may take judicial notice of relevant state court records in federal habeas proceedings).

court denied on June 28, 2006. Pet. at 4-5. While that petition was pending in the California Supreme Court, petitioner filed a second set of habeas petitions, beginning on April 3, 2006 in the Riverside County Superior Court and ending February 7, 2007, when the California Supreme Court denied the second petition. *See Deveron J. Ratliff v. Tony Hedge Peth*, No. ED CV 07-627-RSWL (RC) docket no. 31 at 4-5.

On May 24, 2007, petitioner filed a federal habeas corpus petition in this Court in case number ED CV 07-627-RSWL (RC), challenging his 2002 conviction in the Riverside County Superior Court. On May 4, 2010, this Court denied the petition and dismissed the action with prejudice.

### III.

### DISCUSSION

Petitioner seeks to challenge his February 2002 conviction in Riverside Superior Court. In an Order to Show Cause in this matter, issued May 21, 2012, this Court explained that the Petition appeared to be successive, as petitioner had filed a previous federal habeas petition on May 24, 2007 and had not received authorization from the Ninth Circuit to file the instant Petition. OSC at 5-6. Absent that authorization, the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244(d)(1), bars his Petition. *Id.* Additionally, the court noted that the Petition appeared untimely under AEDPA's one-year statute of limitations. *Id.* at 2-5.

The Court afforded petitioner a chance to explain whether the Ninth Circuit had authorized the filing of a successive habeas petition, and whether he believed he had a basis for a later start date of the limitation period, or for statutory or equitable tolling. *Id*. at 6. Petitioner responded to the Order to Show Cause on July 6, 2012, arguing that the Petition is neither successive nor time-barred

"because of the 'relation back doctrine.'" *See* Response to OSC ("Resp.") at 3.  For the reasons that follow, the Court disagrees.

**A.     The Court Lacks Jurisdiction Over This Successive Petition**

Before a habeas petitioner may file a second or successive petition in a district court, he must apply to the appropriate court of appeals for an order authorizing the district court to consider the application. *Burton v. Stewart*, 549 U.S. 147, 152-53, 127 S. Ct. 793, 166 L. Ed. 2d 628 (2007) (citing 28 U.S.C. § 2244(b)(3)(A)).  This provision "creates a 'gatekeeping' mechanism for the consideration of second or successive applications in district court." *Felker v. Turpin*, 518 U.S. 651, 657, 116 S. Ct. 2333, 135 L. Ed. 2d 827 (1996); *see also Reyes v. Vaughn*, 276 F. Supp. 2d 1027, 1028-30 (C.D. Cal. 2003) (discussing applicable procedures in Ninth Circuit).  A district court lacks jurisdiction to consider the merits of a second or successive habeas petition in the absence of proper authorization from a court of appeals. *Cooper v. Calderon*, 274 F.3d 1270, 1274 (9th Cir. 2001) (per curiam) (citing *United States v. Allen*, 157 F.3d 661, 664 (9th Cir. 1998)).  The provision applies where there has been a decision on the merits, as opposed to a decision on technical or procedural grounds. *Slack v. McDaniel*, 529 U.S. 473, 485-487, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000); *Henderson v. Lampert*, 396 F.3d 1049, 1053 (9th Cir. 2005) (dismissal on procedural default grounds constitutes disposition on the merits rendering subsequent petition "second or successive").

A claim in a second or successive habeas petition that was not previously presented may be considered if the petitioner shows that the factual predicate for the claim could not have been discovered previously through the exercise of reasonable diligence. 28 U.S.C. § 2244(b)(2)(B)(i).  But a petitioner is still required to seek authorization from the court of appeals in order to have the district

4

court consider the petition. 28 U.S.C. § 2244(b)(3)(A), *see also Reyes v. Vaughn*, 276 F. Supp. 2d 1027, 1030 (C.D. Cal. 2003) ("[T]o the extent that petitioner would like to try to show that he falls within one of the exceptions to dismissal of successive habeas petitions, 28 U.S.C. § 2244(b)(2)(B), he must first present any such claim to the Court of Appeals rather than to this Court.")

Here, petitioner filed a habeas corpus petition in this Court on May 24, 2007, in case number ED CV 07-627-RSWL (RC), challenging the same 2002 conviction in the Riverside County Superior Court.[2] On May 4, 2010, this Court denied the petition on the merits and dismissed the action with prejudice. The instant Petition is therefore successive, and was filed without leave of the Ninth Circuit.

Petitioner does not dispute that he filed the Petition without permission from the Ninth Circuit. Instead, he disputes that the Petition is successive. Specifically, he contends that the claims in his Petition relate back "to the date when the original pleading was filed." *Resp.* at 2. By "original pleading," petitioner appears to refer to the prior federal habeas action that he filed May 24, 2007. *Id.*; *see also Ratliff v. Hedgepeth*, 712 F. Supp. 2d 1038 (C.D. Cal. 2010). Petitioner argues that the relation back doctrine renders the Petition not successive. Resp. at 2-5. Under Rule 15(c)(2), an *amended* habeas petition may relate back to the date when the original petition was filed. *See Mayle v. Felix*, 545 U.S. 644, 664, 125 S. Ct. 2562, 2569, 162 L. Ed. 2d 582 (2005) (noting that Rule 15(c) applies to habeas petitions). The Court dismissed petitioner's prior federal petition with prejudice. *Ratliff*, 712 F.2d at 1080. And there is no indication that the instant Petition is an amendment to that case. Assuming arguendo, however, that the instant Petition were an amendment of the prior, the relation back doctrine is inapplicable "because there is

---

[2] A federal court may take judicial notice of its own records in other cases. *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

5

nothing to which the new petition could relate back" where the previous petition has been dismissed. *Raspberry v. Garcia*, 448 F.3d 1150, 1155 (9th Cir. 2006).

Accordingly, the instant Petition is in fact an unauthorized successive habeas petition. Unless and until the Ninth Circuit authorizes the filing of a new habeas corpus petition, this Court lacks jurisdiction to consider the merits of petitioner's claims. *See Burton*, 549 U.S. at 157. As such, this Petition must be dismissed.

**B.     The Petition Is Also Time-Barred**

AEDPA mandates that a "1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1); *see also Lawrence v. Florida*, 549 U.S. 327, 329, 127 S. Ct. 1079, 166 L. Ed. 2d 924 (2007); *Laws v. Lamarque*, 351 F.3d 919, 921 (9th Cir. 2003). After the one-year limitation period expires, the prisoner's "ability to challenge the lawfulness of [his] incarceration is permanently foreclosed." *Lott v. Mueller*, 304 F.3d 918, 922 (9th Cir. 2002).

To assess whether a petition is timely filed under AEDPA, it is essential to determine when AEDPA's limitation period starts and ends. By statute, AEDPA's limitation period begins to run from the latest of four possible events:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to

  cases on collateral review; or

  (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Ordinarily, the starting date of the limitation period is the date on which the judgment becomes final after the conclusion of direct review or the time passed for seeking direct review. *See Wixom v. Washington*, 264 F.3d 894, 897 (9th Cir. 2001).

  AEDPA may also allow for statutory tolling or equitable tolling. *Jorss v. Gomez*, 311 F.3d 1189, 1192 (9th Cir. 2002). But "a court must first determine whether a petition was untimely under the statute itself before it considers whether equitable [or statutory] tolling should be applied." *Id.*

  Here, the California Court of Appeal affirmed petitioner's conviction on August 24, 2004. Pet. at 3; Official Records of California Courts. Petitioner filed a petition for review in the California Supreme Court, which was denied on November 10, 2004. *Id.* Under 28 U.S.C. § 2244(d)(1)(A), petitioner's conviction became final on February 8, 2005 – ninety days after the California Supreme Court denied review – when the time to file a petition for a writ of certiorari with the United States Supreme Court expired. *See Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999) (period of direct review in 28 U.S.C. § 2244(d)(1)(A) includes ninety-day period within which petitioner can file petition for writ of certiorari in United States Supreme Court, whether or not petitioner actually files such petition).

  Accordingly, the statute of limitations commenced to run on February 8, 2005 and, absent tolling, expired on February 8, 2006. From the record before this Court, it does not appear that petitioner is entitled to a later start date of the

limitation period under §§ 2244(d)(1)(B)-(D), and petitioner does not contend otherwise. Petitioner did not constructively file the instant petition until May 9, 2012, over six years after the statute of limitations expired. Thus, absent sufficient tolling, the petition is untimely.

Petitioner is entitled to some statutory tolling of the limitation period pursuant to 28 U.S.C. § 2244(d)(2), but not enough to render the instant Petition timely. Statutory tolling is available under AEDPA during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *accord Evans v. Chavis*, 546 U.S. 189, 192, 126 S. Ct. 846, 163 L. Ed. 2d 684 (2006); *Patterson v. Stewart*, 251 F.3d 1243, 1247 (9th Cir. 2001). But "in order to qualify for statutory tolling during the time the petitioner is pursuing collateral review in the state courts, the prisoner's state habeas petition must be constructively filed *before*, not after, the expiration of AEDPA's one-year limitations period." *Johnson v. Lewis*, 310 F. Supp. 2d 1121, 1125 (C.D. Cal. 2004); *see also Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001) (the petitioner was not entitled to statutory tolling for state habeas petition filed "well after the AEDPA statute of limitations ended"). Further, statutory tolling is not available for the time when a federal habeas petition is pending. *Duncan v. Walker*, 563 U.S. 167, 181-82, 121 S. Ct. 2120, 150 L. Ed. 2d 251 (2001).

In this case, petitioner states that he filed habeas petitions before the Riverside County Superior Court (filed July 6, 2005; denied July 13, 2005), the California Court of Appeal (filed July 27, 2005; denied August 12, 2005), and the California Supreme Court (denied June 28, 2006). *See* Pet. at 4-5. Petitioner filed a second set of habeas petitions while his habeas petition was pending in the California Supreme Court, beginning on April 3, 2006 in the Riverside County

Superior Court and ending February 7, 2007, when the California Supreme Court denied the second petition. *See Deveron J. Ratliff v. Tony Hedge Peth*, No. ED CV 07-627-RSWL (RC), docket no. 31 at 4-5.  Assuming, as this Court previously found in case number ED CV 07-627, that petitioner is entitled to statutory tolling for the entire period between June 27, 2005, when petitioner first filed a state habeas petition, and February 7, 2007, when the California Supreme Court denied petitioner's second habeas petition in that court, petitioner still does not accrue sufficient statutory tolling to render the instant Petition timely.  With such tolling, the limitation period would have expired on September 21, 2007.

In addition, on the record before this court, petitioner is not entitled to equitable tolling.  The United States Supreme Court has decided that "§ 2244(d) is subject to equitable tolling in appropriate cases."  *Holland v. Florida*, __ U.S. __ , 130 S. Ct. 2549, 2560, 177 L. Ed. 2d 130 (2010).  Tolling is appropriate when "extraordinary circumstances" beyond a petitioner's control make it impossible to file a petition on time.  *Id.* at 2562; *see Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) ("the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule" (citation omitted and brackets in original)).  "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate."  *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999).

A petitioner seeking equitable tolling must establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005).  Petitioner must also establish a "causal connection" between the extraordinary circumstance and his failure to file a timely

petition. *See Bryant v. Arizona Att'y Gen.*, 499 F.3d 1056, 1060 (9th Cir. 2007). Here, petitioner cites no extraordinary circumstance beyond his control that made it impossible to file a timely petition, and he does not argue for equitable tolling. *See generally* Pet. at 1-25; Resp. at 1-5.

Instead, as with his argument that the Petition is not successive, petitioner argues that the Petition is not time-barred because it relates back to the federal petition filed in this Court in 2007. But as discussed above, this Petition is not an amendment of the prior federal petition, and in any event the relation back doctrine does not apply because the prior federal petition was dismissed. *See Raspberry*, 448 F.3d at 1155.

Consequently, with tolling the statute of limitations expired September 21, 2007. The Petition, constructively filed May 9, 2012, is therefore untimely and must be dismissed with prejudice.

## IV.
## **ORDER**

IT THEREFORE IS ORDERED that Judgment be entered summarily dismissing the Petition and this action with prejudice.

DATED: August 15, 2013

_____
HONORABLE MANUEL REAL
United States District Judge

Presented by:

_____
SHERI PYM
United States Magistrate Judge

10